## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARTRA 524(g) ASBESTOS TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-00458 |
| ) | |
| FAIRMONT PREMIER INSURANCE CO. ) | Judge Joan H. Lefkow |
| and TRANSPORT INSURANCE CO. ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY

Plaintiff ARTRA 524(g) Asbestos Trust and Defendant Transport Insurance Company (collectively, the "Parties" and each a "Party") stipulate and agree to the following terms, subject to Court approval.

### I. PURPOSES AND LIMITATIONS

Under Rule 26(c) of the Federal Rules of Civil Procedure, there is "good cause" for a protective order. Discovery in this action will involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle the above-captioned litigation (the "Action") is warranted. Such information may include, but is not limited to: confidential personal information such as claimants' social security numbers and medical records, and commercially sensitive information such as underwriting and claims-handling guidelines. Accordingly, the Parties hereby stipulate to and petition the Court to enter this stipulated protective order ("Protective Order" or "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that

the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Local Rules 5.7 and 26.2 set forth the procedures that must be followed. All documents, things, answers and/or information furnished through discovery (1) are provided solely for the legitimate purposes of this Action or other litigation arising out of any alleged violations of this Order, (2) may only be used for such legitimate purposes within this Action, and (3) shall not be used for any other purpose except as provided herein. This Order does not apply to the use of discovery materials at trial.

## II. SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined below), but also any information copied or extracted therefrom, as well as all copies in any form whatsoever, whether paper, electronic, or any other media, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties in Court or in other settings that might reveal Confidential Material.

## III. DESIGNATING CONFIDENTIAL MATERIAL

A. "Confidential Material" means confidential personal and commercially sensitive information and documents that qualify for protection pursuant to standards developed under Rule 26(c) of the Federal Rules of Civil Procedure, and that (a) are designated as "confidential" by the supplying Party, (b) have not been disseminated or made public previously in a manner inconsistent with a claim of confidentiality, and (c) the supplying Party reasonably and in good faith believes contain or comprise information that (i) is protected under applicable law, (ii) represents trade secrets, proprietary or confidential business information, or (iii)

the disclosure of which would violate a personal, financial or other interest protected by law and would cause serious harm that outweighs the public interest in the disclosure of the information.

B. Material that may be designated Confidential Material includes all documents, tangible things, testimony or other information produced or made available in the course of discovery in this Action, including:

1. documents produced in response to requests for the production of documents or subpoenas;
2. responses to requests for admissions;
3. responses to interrogatories, including documents used in preparing such responses;
4. transcripts of depositions, trial testimony and excerpts thereof, including exhibits thereto;
5. other responses or affidavits in connection with discovery requests, motions, or other filings in this action;
6. excerpts or summaries of any of the above and all copies thereof; and
7. pleadings, briefs, and memoranda.

C. With respect to Section III.B above, the designating Party shall designate material as Confidential Material by stamping or otherwise marking each page of such material as "confidential" or with some other similar legend (the "Confidentiality Notation"). If any material is produced prior to the entry of this Order, marking such material with the Confidentiality Notation and notifying all other Parties of the marking shall be considered sufficient to designate the material as Confidential Material. Materials previously provided to a Party during the course of settlement negotiations shall be presumed to be Confidential Material.

D. The designating Party shall make such designations at the time it first produces or otherwise disseminates such document to the Parties. Documents that are only

made available for inspection in response to a request for production need not be marked with the Confidentiality Notation. However, a designating Party shall mark with the Confidentiality Notation those documents that are confidential or contain confidential information that are copied for the opposing Party following an inspection.

E. If a designating Party identifies as Confidential Material information or documents provided or used by others, the designating Party will provide notice in writing within thirty (30) days following receipt of the information or documents. That notice shall identify, by page number, bates-label, or other appropriate means, the information or documents designated as Confidential Material. In addition, the designating Party shall provide copies of the newly designated Confidential Material that bear the Confidentiality Notation to the other Party or non-parties who had received such material without the Confidentiality Notation.

F. Designation of deposition transcripts or portions of a deposition transcript, including exhibits, that contain Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or by written notification by the designating Party to the court reporter and to the other Party within thirty (30) days following receipt of the transcript of such deposition and/or the exhibits thereto by the designating Party (or later with leave of Court, or by agreement among the Parties). If any deposition transcript or portion thereof, including exhibits, is designated as Confidential Material, the Confidentiality Notation shall be placed by the court reporter on the original and each copy of the transcript, and the transcript shall identify the pages of the deposition and/or the exhibits designated as Confidential Material.

G. If all or part of a videotaped deposition is designated as Confidential Material, both the transcript and the video cassette or other videotape container shall be

- 4 -

labeled with the Confidentiality Notation within the same time periods as set forth above.

H.  If any Party disputes the designation by any designating Party of any document or information as Confidential Material, the disputing Party shall serve a written notice of objection to such designation upon the designating Party. Such notice shall identify specifically the material or information as to which the disputing Party wishes to have the designation removed and shall set forth the reasons for such removal. The designating Party and the disputing Party shall attempt to resolve by agreement the question of whether or on what terms the document or information is entitled to treatment as Confidential Material. If the Parties are unable to agree within two weeks as to whether the designating Party should have designated the document or information as Confidential Material, the disputing Party may seek a court order determining whether or on what terms the document or information is entitled to confidential treatment. The fact that the Party disputing the designation has the burden of initially seeking a court order does not alter or affect the burden of persuasion on the ultimate issue of whether the document or information is entitled to confidential treatment. The designated materials in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion.

IV. **INADVERTENT FAILURES TO DESIGNATE**

A.  If a designating Party inadvertently produces information or documents that it considers to be Confidential Material without having designated the information or documents as such, the production of this information or documents shall not operate as a waiver of confidentiality. Within thirty (30) days of the date of discovery of the inadvertent production of such material (or later with leave of Court or by agreement among the Parties), the designating Party must give written notice to all persons that the designating Party claims that the material is

confidential in whole or in part. Upon receipt of this notice, all persons who have received a copy of these materials shall mark them as Confidential Material in accordance with Section III.C of this Order and shall thereafter treat these materials as subject to this Order.

V. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    A. Confidential Material shall be used or disclosed solely in connection with this Action and/or any related reinsurance proceeding in which a Party to this action seeks, under an insurance or reinsurance policy, to recover for amounts paid or costs incurred as a result of this action (a "Related Action").

    B. Except upon the prior written consent of the designating Party, Parties to whom Confidential Material is disclosed shall not disclose Confidential Material except as expressly authorized in this Order, including without limitation as authorized in Section V.C below.

    C. Confidential Material shall not be disclosed to any persons other than the following:

        1. counsel to the Parties in this action or a Related Action and their associates, paralegals, and support staff;

        2. a Party's officers, directors, in-house counsel, employees, court appointed representatives, and agents;

        3. experts or consultants (including their employees, associates and support staff) retained by a Party in connection with this action or a Related Action;

        4. deponents and witnesses, but only during or in discussion of possible examination of such persons, and court reporters and their personnel;

        5. commercial photocopying firms used by a Party to this action or a Related Action to assist in discovery; and

    6.    a third Party to whom a Party is legally obligated or to whom it has a preexisting contractual obligation in the ordinary course of business to make disclosure of the information or documents designated as Confidential Material;

    7.    reinsurers, reinsurance intermediaries, retrocessionaires, and auditors;

    8.    the Court and its personnel.

D.    Confidential material shall not be disclosed to the persons or entities described in Sections V.C.2-5 unless such persons or entities agree in writing to be bound by this Order by executing the "Acknowledgment and Agreement to be Bound" attached to this Order as Exhibit A. Prior to the disclosure of Confidential Material to the persons or entities described in Section V.C.2-7, the disclosing Party shall inform such persons or entities of the terms of this Order, provide them with a copy of this Order, inform them that they are bound by the terms of this Order, and inform them that the Confidential Material may not be disclosed, except as provided in this Order.

E.    Briefs, affidavits, and other documents constituting, containing, referring to, summarizing or quoting Confidential Material shall bear the Confidentiality Notation on the face thereof and on each internal page containing Confidential Material. No Party shall file such materials unless all Parties have had the opportunity to petition the Court for an order that such specific documents shall be filed under seal and the Court has ruled on such motion. The procedures and timing for filing motions to seal are governed by Local Rules 5.7 and 26.2.

F.    No document treated as confidential under this Protective Order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal

    G.    Any Party may request permission to disclose Confidential Material to a person other than those permitted by Section V.C by serving a written request upon counsel for the designating Party, setting forth the information or materials the Party wishes to disclose, the person to whom the Party wishes to disclose the information or materials, and the reason for the proposed disclosure. If consent is withheld, or the Party seeking to make the disclosure and the designating Party are unable to agree on the terms and conditions of disclosure, the Party seeking to make the disclosure may submit the matter to the Court for resolution. The designated materials shall not be disclosed until the Court acts on the motion.

    H.    Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition (a) by a Party of its own documents or information, (b) by a Party of documents or information existing in the files of that Party prior to the date of the Order, except as set forth in Section III, or (c) by a Party of documents or information received at any time by that Party outside the course of this matter.

## VI. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person not authorized under this Protective Order, that Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VII. PRIVILEGED DOCUMENTS

    A.    Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

B.  If a Party or non-party discovers that it inadvertently produced information or documents that it considered to be privileged or otherwise protected from production in whole or in part ("Privileged Material"), the producing Party may retrieve such Privileged Material or parts thereof as follows:

   1. The producing Party must give written notice to the other Party that the producing Party claims such document, in whole or in part, to be privileged material and must state the nature of the privilege, and if only a portion of such document is privileged, designate the privileged portion(s). If such document was produced on CD-ROM, the producing Party or non-party shall provide a copy of the CD-ROM without images of such document.

   2. Upon receipt of such notice, all Parties who have received copies of the documents identified in the notice shall either promptly (1) return the CD-ROM containing images of the document (if applicable) and all copies of the document, or destroy the CD-ROM and all copies of the document, and send a written response to the producing Party confirming that all copies in their possession and control have been returned to the producing Party or destroyed, and not make any use of the contents of the allegedly privileged material or (2) within ten (10) days of receipt of such notice, advise all Parties and any affected non-party in writing that they are disputing the claim of privilege and provide the basis for the dispute.

   3. Within ten (10) days after written notice of a dispute is provided, the Parties and any affected non-party, if applicable, shall meet and confer to discuss the assertion of privilege and attempt to arrive at a compromise.

   4. Should the Parties and any affected non-party, if applicable, be unable to reach a compromise, the producing Party shall within fourteen (14) days apply to the Court by written motion for an expedited determination of the

appropriateness of the claim of privilege. Failure to bring such motion within fourteen (14) days constitutes a waiver of the claim of privilege unless the Parties agree otherwise in writing to a longer time period.

5. The inadvertent production of a document subject to a privilege or protection shall not operate as a waiver of the applicable privilege or protection.

## VIII. MISCELLANEOUS

A. Except as set forth herein, a designating Party's designation of materials as Confidential Material, its failure to designate material as Confidential Material, or its failure to object to another Party or non-party's designation of materials as Confidential Material shall not operate as an admission that any particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

B. This Order shall survive the termination of this action and expiration of all rights of appeal and shall continue in full force and effect thereafter. Upon the termination of this action and all Related Actions, as well as the expiration of any and all appeals from this action or any Related Actions, and upon written request by the designating Party, all persons or entities that have received Confidential Material shall within thirty (30) days: (a) return to counsel for the designating Party all such Confidential Material, including all copies, prints, summaries and other reproductions of such information, (b) destroy all Confidential Material and copies thereof and certify to counsel for the designating Party that they have destroyed all unreturned Confidential Material, or (c) maintain Confidential Material in confidence pursuant to the terms of this Order. To the extent that a Party is dismissed from this action prior to the entry of a final order, such Party shall comply with the requirements set forth in (a) or (b) above within thirty (30) days of the entry of the Party's dismissal. All Parties shall have the right to

maintain a set of correspondence, pleadings, depositions, trial transcripts, exhibits and one copy of all documents produced in this matter so long as such materials are stored and the confidentiality of such materials is preserved in conformity with this Order. Where a Party has provided Confidential Material to a retained expert or consultant or any other person or entity, it shall be the responsibility and obligation of both the Party and the person or entity to whom the Confidential Material was provided to return or destroy the Confidential Material, if requested to do so by the designating Party. This Paragraph does not apply to the copies of Confidential Material that have been submitted to and are in the possession of the Court. The Court will retain jurisdiction after the termination of this action to enforce the terms of this Order.

C. In the event disclosure of any Confidential Material is sought from anyone subject to this Order pursuant to a lawful subpoena, demand by governmental authority, court order or any other legal process, such person or entity shall, upon receipt of such request, notify the designating Party by overnight mail, and by electronic mail or facsimile, of the request for disclosure. Under no circumstances may production take place before notice is sent. The designating Party may then seek to prevent disclosure by filing a motion for protective order or take another appropriate action and, if so, the Confidential Material shall not be disclosed until the designating Party has a reasonable opportunity to file such motion or take such action.

D. This Order may be modified or amended by agreement of all the Parties, subject to approval by the Court, or by order of the Court for good cause shown.

E. The requirements of this Order shall apply to any materials produced in this Action before and after the date that this Order is entered.

F. This Order may be executed in facsimile or electronic counterparts. An original signature will be provided if requested by the Court or any Party.

**IT IS SO STIPULATED**

BY:                                                                 BY:

_____                    _____
Kevin Titus                                                         Jeremy C. Kleinman
LITCHFIELD CAVO LLP                                      FRANK/GECKER LLP
303 W. Madison Street, Suite 300                     325 North LaSalle Street, Suite 625
Chicago, Illinois 60606                                       Chicago, Illinois 60654

Dated:_____                    Dated:_____

*Counsel for Transport Insurance Company*        *Counsel for the ARTRA 524(g) Asbestos Trust*


**SO ORDERED**

Dated: /-25-2010

_____
The Honorable Joan H. Lefkow
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of Illinois in the case of *ARTRA 524(g) Asbestos Trust v. Fairmont Premier Insurance Company and Transport Insurance Company*, Case No. 09-00458. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____